UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

**KEVIN BENNETT**                                                                         **PLAINTIFF**

**v.**                                          **CIVIL ACTION NO. 4:23-CV-00126-JHM**

**ROY WASHINGTON,** *et al.*                                           **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on motions by the United States Marshals Service ("USMS") and Deputy United States Marshal Gregory Thiel to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). [DN 27, DN 28]. Plaintiff filed a response [DN 42], and Defendants filed a reply [DN 43]. Fully briefed, these matters are ripe for decision.

### I. BACKGROUND

Plaintiff Kevin Bennett filed the instant *pro se* action under 42 U.S.C. § 1983 against Roy Washington, Gary Skaggs, and Greg Thiel in their individual and official capacities. [DN 1]. At the time he filed his complaint, Plaintiff was a federal pretrial detainee incarcerated at the Grayson County Detention Center ("GCDC"). Plaintiff brought claims against these Defendants for deliberate indifference to his serious medical needs in violation of the Eighth and Fourteenth Amendments to the United States Constitution. The Court conducted an initial review of the complaint pursuant to 28 U.S.C. § 1915A and allowed Fourteenth Amendment claims to proceed against Washington, Skaggs, Thiel, Grayson County, and the USMS. [DN 8].

Defendants USMS and Thiel have now filed separate motions to dismiss.

### II. STANDARD OF REVIEW

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), "[o]ur duty to be 'less stringent' with pro se complaints does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).

### III. DISCUSSION

**A. 42 U.S.C. § 1983**

Section 1983 creates no substantive rights but merely provides remedies for deprivations of rights established elsewhere. *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Two elements are required to state a claim under § 1983. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). "[A] plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "Absent either element, a section 1983 claim will not lie." *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

Plaintiff brings his claims pursuant to 42 U.S.C. § 1983; however, this statute provides relief against state and local officials for violations of constitutional rights. Defendant Thiel is a United States Deputy Marshal, and therefore not a state official. Since he is a federal actor, he acts under federal law; he does not act "under color of state law." Therefore, jurisdiction predicated upon § 1983 cannot be sustained as against Deputy Thiel or the USMS. *See Wheeldin v. Wheeler*, 373 U.S. 647 (1963); *Schwamborn v. Cnty. of Nassau*, No. 06-CV-6528 SJF/ARL, 2008 WL 4282607, at *4 (E.D.N.Y. Sept. 16, 2008). Since the USMS is a federal entity, the Court construes Plaintiff's claims as ones under *Bivens v. Six Unknown Named Federal Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), not § 1983. *See Bennett v. U.S. Marshal*, No. 4:22-CV-00022-JHM, 2022 WL 2758542, at *2 (W.D. Ky. July 14, 2022) (citing *Robertson v. Lucas*, 753 F.3d 606, 614 (6th Cir. 2014) ("We review *Bivens* and § 1983 actions under the same legal principles, except for the requirement of federal action under *Bivens* and state action under § 1983.")).

**B.** *Bivens* **Claims**

    **1. Official-Capacity/USMS**

"[A] *Bivens* claim may not be asserted against a federal officer in his official capacity." *Berger v. Pierce*, 933 F.2d 393, 397 (6th Cir. 1991); *see also Borden v. Fed. Defs. Off.*, No. 1:15CV-P29-GNS, 2015 WL 8366739, at *3–4 (W.D. Ky. Dec. 8, 2015). "The United States Supreme Court has declined to extend *Bivens* liability to permit suit against a federal agency." *Watkins v. F.B.I.*, No. 3:13-CV-204-S, 2013 WL 3324065, at *2 (W.D. Ky. July 1, 2013) (citing *F.D.I.C. v. Meyer*, 510 U.S. 471, 486 (1994)). Courts within the Sixth Circuit have applied this rule and dismissed suits specifically against the USMS. *Bennett*, 2022 WL 2758542, at *2; *Culliver v. Corr. Corp. of Am.*, No. 99-5344, 2000 WL 554078, at *2 (6th Cir. Apr. 28, 2000);

*Mathis v. U.S. Marshal Serv.*, No. 2:11-cv-271, 2011 WL 1336575, at *2 (S.D. Ohio Apr. 5, 2011); *Briggs v. U.S. Marshals Serv.*, No. 04-2648, 2007 WL 1174261, at *2 (W.D. Tenn. Apr. 19, 2007); *see also LeVay v. Morken*, 598 F. Supp. 3d 655, 663 (E.D. Mich. 2022) ("The only remedy available under *Bivens* is money damages from an individual federal employee."); *Olita v. United States*, No. 21-2763-JTF-TMP, 2022 WL 874179, at *1 (W.D. Tenn. Mar. 23, 2022) (same). Therefore, the Court dismisses any claims against the USMS.

**2. Deputy Thiel**

Because Plaintiff is a federal pretrial detainee, his deliberate-indifference claim proceeds under the Fifth Amendment Due Process Clause, not the Eighth Amendment Cruel and Unusual Punishment Clause. As such, Defendant Thiel moves to dismiss Plaintiff's claim against him arguing that Plaintiff's Fifth Amendment deliberate-indifference claim is not cognizable under *Bivens*.

The Supreme Court has recognized a private right of action against federal officials for violations of constitutional rights in three contexts: (1) "under the Fourth Amendment for violations of the prohibition against unreasonable searches and seizures, *Bivens*, 403 U.S. at 397"; (2) "under the Fifth Amendment Due Process Clause for gender discrimination, *Davis v. Passman*, 442 U.S. 228, 248–49 (1979)"; and (3) "under the Eighth Amendment for failing to provide adequate medical treatment to a prisoner, *Carlson v. Green*, 446 U.S. 14, 19 (1980)." *Montgomery v. Ferentino*, No. 20-3114, 2021 WL 3204843, at *2 (6th Cir. Feb. 24, 2021). However, "'[w]hat started out as a presumption in favor of implied rights of action [under *Bivens*] has become a firm presumption against them.'" *Montgomery*, 2021 WL 3204843, at *2 (quoting *Callahan v. Fed. Bur. of Prisons*, 965 F.3d 520, 523 (6th Cir. 2020)). "More recently, the Supreme Court has

4

counseled that 'expanding the *Bivens* remedy is now a 'disfavored' judicial activity.'" *Montgomery*, 2021 WL 3204843, at *2 (quoting *Ziglar v. Abbasi*, 582 U.S. 120, 135 (2017)); *Elhady v. Unidentified CBP Agents*, 18 F.4th 880, 883 (6th Cir. 2021) ("Since 1980, however, the Supreme Court has 'consistently refused to extend *Bivens* liability to any new context or new category of defendants.'").

Plaintiff's Fifth Amendment claim against Defendant Thiel for deliberate indifference to Plaintiff's medical needs does not fall within any of the existing contexts for which the Supreme Court has implied a *Bivens* remedy. Plaintiff has not provided this court with any authority supporting an extension of the *Bivens* remedy here,[1] and other courts have expressed doubt over whether a Fifth Amendment deliberate-indifference claim is cognizable under *Bivens* under the Supreme Court's recent case law. *See, e.g.*, *Randle v. Gonzalez*, No. 1:23-CV-96-TLS-SLC, 2024 WL 1655382, at *2 (N.D. Ind. Apr. 17, 2024) (finding that "[b]ecause the right implicated by Randle's allegations arises under a different constitutional provision [Fifth Amendment] and utilizes a different legal standard than the right at issue in *Carlson*, it presents a new *Bivens* context"); *Stennis v. Armstrong*, No. 18 Civ. 7846 (MSS), 2023 WL 1319561, at *6–7 (N.D. Ill. Jan. 31, 2023) (finding that pretrial detainee's Fifth Amendment claim for inadequate medical care "present[ed] a new *Bivens* context" different from *Carlson* and therefore was not cognizable); *Bravo v. U.S. Marshals Serv.*, 684 F. Supp. 3d 112, 125 (S.D.N.Y. 2023) (same); *McIntyre v.*

---

[1] In determining whether to permit the proposed *Bivens* claim, the Court must engage in a two-step inquiry:
- First, the Court asks whether the case presents "a new *Bivens* context"—*i.e.*, whether it differs "meaningfully" from the three cases in which damages actions against federal officials have previously been recognized;
- Second, if the claim arises in a new context, the Court asks whether any "special factors" suggest that Congress is better equipped than the Judiciary to "weigh the costs and benefits of allowing the damages action to proceed."

*Egbert v. Boule*, 596 U.S. 482, 492 (2022) (internal quotations and citations omitted).

*United States Marshal Serv.*, No. CV181268KMMAH, 2023 WL 2447424, at *8 (D.N.J. Mar. 10, 2023) (same); *Choice v. Michalak*, No. 21-CV-0060, 2022 WL 4079577, at *4 (N.D. Ill. Sept. 6, 2022) (same); *Kaid v. Tatum*, No. 20CIV3643JLRSLC, 2024 WL 946949, at *10 (S.D.N.Y. Jan. 24, 2024) (same); *Hernandez v. Cnty. of Los Angeles*, No. 2:20-CV-03869-DSF-JC, 2023 WL 5917422, at *9 (C.D. Cal. July 19, 2023) (same); *but see Mirvis v. Quay*, No. 19CV2573LDHVMS, 2023 WL 5671935, at *6 (E.D.N.Y. Sept. 1, 2023) (permitting a Fifth Amendment claim for deliberate indifference to plaintiff's serious medical needs under *Bivens* to proceed).

It seems odd that a federal pretrial detainee who is generally afforded more protection under our Constitution and laws cannot bring a deliberate-indifference-to-medical-needs claim against a federal officer under *Bivens*, but a convicted prisoner can. *See Ziglar v. Abbasi*, 582 U.S. at 169–71 (Breyer, J., dissenting, joined by Ginsburg, J.). However, in light of the current United States Supreme Court and Sixth Circuit case law, the Court must dismiss Plaintiff's Fifth Amendment deliberate-indifference claim brought under *Bivens* against Defendant Thiel.

## IV. CONCLUSION

For the reasons set forth above, **IT IS HEREBY ORDERED** that the motions by Defendants United States Marshals Service and Deputy United States Marshal Gregory Thiel to dismiss the complaint against them pursuant to Federal Rule of Civil Procedure 12(b)(6) [DN 27, DN 28] is **GRANTED**.

The **Clerk of Court** is **DIRECTED** to terminate the USMS and Thiel as Defendants in this action as there are no more claims against them.

Date: June 7, 2024

Joseph H. McKinley Jr., Senior Judge
United States District Court

cc: Plaintiff, *pro se*
Counsel of Record
4414.014